UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAZMINE I. ROBERTS,<br><br>                    Plaintiff,<br><br>     -against-<br><br>UNITED STATES MARSHALL SERVICE,<br>ET AL; UNIDENTIFIED EMPLOYEE,<br><br>                    Defendants. | 21-CV-11234 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated her rights. By order dated May 26, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons stated below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Jazmine I. Roberts brings this action using the Court's general complaint form, and she invokes the Court's federal question jurisdiction. In the section which asks Plaintiff which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes:

> Civil Rights have been violated. Discriminated against by a United States Marshall officer telling me to remove my boots when there were was no reason to. Harrasment. Americans Dissabilities Act.

(ECF No. 1 at 2.)[1] Plaintiff does not allege when the events giving rise to her claims occurred, but she alleges that the events occurred at the "[e]ntrance of the United States District Court of the Southern District of New York." (*Id.* at 5.)

>Plaintiff alleges the following:
>
>Walked in to the United States District Court of the Southern District of New York and was instructed to take off my boots. There was no beep when I walked through the first time. Unidentified United States District Courts, United States Marshall discriminated against me, questioned me about my personal property and when I asked the employee for his name he wrote down something unreadable. I asked for his name again but he got very aggressive and yelled "NO". The pro se clerk receptionist (Sarah) conveyed they don't give out employees names. Discriminated against because of my creed, religion, race, marital status and appearance and dissability.

(*Id.*) Plaintiff seeks "punitive consequential incidental, nominal and liquidated damages." (*Id*. at 6.)

## DISCUSSION

Plaintiff alleges that her constitutional rights were violated by the "United States Marshall Service and an unidentified employee." The Court liberally construes Plaintiff's complaint as asserting claims against the United States Marshals Service (USMS) and an unidentified employee of the USMS under the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].").

---

[1] Page numbers refer to those generated by the court's electronic filing system. To the extent possible, the Court quotes the complaint verbatim. All emphasis, font, capitalization, and errors are therefore in the original.

A.     **Sovereign Immunity and the Federal Torts Claims Act (FTCA)**

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against its agencies, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). But before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust their administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013).

Pursuant to the FTCA, tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or an action must be commenced within six months of when the agency issued its final denial of administrative remedy. *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, ECF 1:17-CV-7325, 17, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018); *see also* 28 U.S.C. § 2401(b). "Failure to exhaust the agency's administrative remedies within the statute of limitations will render the claim 'forever barred.'" *See id.* (citing *Castellanos v. Elrac Inc.*, No. 07-CV-2191 (DLE) (KAM), 2008 WL 919641, at *2 (E.D.N.Y. Apr. 3, 2008)). The exhaustion requirement is jurisdictional

4

and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76, 82 (2d Cir. 2005).

Here, because Plaintiff brings an action sounding in tort against an employee of the federal government, the Court has considered whether Plaintiff has a claim under the FTCA. However, there is no indication that Plaintiff has exhausted her administrative remedies under the FTCA. The Court therefore dismisses Plaintiff's claims against the USMS under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.      *Bivens* claim against the individual, unnamed employee of the United States "Marshall" Service**

A plaintiff may bring *Bivens* claims against a federal official to seek redress for a violation of her constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). But *Bivens* relief is available only against federal officials who are personally liable for the alleged constitutional violations, not against the United States. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017); *Turkmen v. Hasty,* 789 F3d 218, 233 (2d Cir. 2015); *FDIC*, 510 U.S. at 484-86; *Hightower v. United States*, 205 F. Supp. 2d 146, 155 (S.D.N.Y.2002). Further, "*Bivens* claims do not lie against federal employees in their official capacities, because such suits are considered actions against the United States and are barred by the doctrine of sovereign immunity." *Wright v. Condit*, No. 13-CV-2849, 2015 WL 708607, at *1 (S.D.N.Y. Feb. 18, 2015) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). Plaintiff therefore cannot pursue her constitutional claims against the individual unnamed employee in his official capacity.

The Supreme Court has, however, implied a damages remedy against federal employees under *Bivens*, but only in only three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971), (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and (3) inadequate medical treatment of an

inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). In 2017, the Supreme Court "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), and a *Bivens* remedy is not available, "where there are 'special factors counselling hesitation in the absence of affirmative action by Congress,'" *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (quoting *Carlson*, 446 U.S. at 18). Under *Ziglar*, unless a *Bivens* claim bears some resemblance to one of the three types of *Bivens* claims previously recognized by the Supreme Court, a court must hold that the claim constitutes a new *Bivens* context. 137 S. Ct. 1843, 1860 (2017). If the claim constitutes a new *Bivens* context, a court must conduct "a special factors analysis," *id.*, that is, it must determine "whether [it] is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing [such] a damages action to proceed," *id.* at 1857-58.

Most recently, in *Egbert v. Boule*, ___ S. Ct. ___, No. 21-147, 2022 WL 2056291 (June 8, 2022), the Supreme Court narrowed its test for when a court may create a damages remedy for a constitutional violation by a federal official under *Bivens*. While not overruling the two-step approach outlined in *Ziglar*, the Supreme Court, in *Egbert*, stated that this two-step *Ziglar* framework "often resolve[s] into a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 2022 WL 2056291, at *6. The Court held that, under the special factors analysis, "the Judiciary is not undoubtedly better positioned than Congress to authorize a [*Bivens*] damages action in [that or any] national-security context." *Id.* at *7.[2]

---

[2] The Supreme Court also held, in *Egbert*, that with respect to the special factors analysis:

> a court should not inquire . . . whether *Bivens* relief is appropriate in light of the balance of circumstances in the particular case. . . . Rather, . . . a court must ask [m]ore broadly if there is any reason to think that judicial intrusion into a given

The Court finds that Plaintiff's allegations that the unnamed, individual employee questioned her about her personal property and refused to give his name when Plaintiff asked for it do not fall within any of the three recognized *Bivens* contexts.[3] The Court therefore dismisses Plaintiff's claim against the unnamed, individual Defendant for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses Plaintiff's claim against the USMS as barred by the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court dismisses Plaintiff's *Bivens* claim against the unnamed, individual employee of the USMS for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

field might be harmful or inappropriate. If so, or even if there is the *potential* for such consequences, a court cannot afford a plaintiff a *Bivens* remedy.

*Egbert*, 2022 WL 2056291, at *8 (internal quotation marks and citations omitted, alteration and emphasis in original).

[3] Plaintiff's allegation that the unidentified employee discriminated against her is conclusory. There is no factual predicate on which the Court can consider statements such as "Defendant discriminated against me" as true; these are simply legal conclusions.

7

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

    The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   July 27, 2022
           New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge